# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA**,

       Plaintiff,

       v.                                          No. **CR 03-1735 MCA**

**ANTHONY SERRANO**,

       Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant Anthony Serrano's *Motion in Limine to Prohibit Introduction of Defendant's Priors under 609, and to Prohibit Introduction of Government's Proposed 404(b) Evidence as to Defendant* [Doc. No. 32] filed on January 27, 2004, and Defendant's *Motion for Rule 403 Balancing Test* received on February 9, 2004.[1]  The Court heard arguments from counsel at the Call of the Calendar on February 5, 2004.  Having reviewed the parties' written submissions and oral arguments, the relevant law, and being fully advised in the premises, the Court grants Defendant's motions in part and denies Defendant's motions in part for the reasons set forth below.

---

[1] Defendant's *Motion for Rule 403 Balancing Test* was faxed to the Court on the morning of February 9, 2004, in response to a letter to counsel which summarized the Court's ruling on Defendant's *Motion in Limine* and indicated that a written order would follow.  As this *Memorandum Opinion and Order* already addresses the requisite balancing under Fed. R. Evid. 403 in response to Defendant's *Motion in Limine*, it is not necessary to provide further analysis of Defendant's *Motion for Rule 403 Balancing Test* at this time.

## I.  BACKGROUND

Defendant Anthony Serrano is charged in a *Superseding Indictment* [Doc. No. 33] with two counts of being a felon in possession of a firearm or ammunition and one count of possessing an unregistered firearm. The parties have filed a *Stipulation* [Doc. No. 30] establishing that Defendant has a prior felony conviction, and thus the Government is precluded from introducing further evidence of Defendant's prior felony convictions during its case-in-chief. See Old Chief v. United States, 519 U.S. 172, 174 (1997).

Defendant has filed a *Motion in Limine* [Doc. No. 32] seeking to exclude evidence of Defendant's prior convictions for impeachment purposes under Fed. R. Evid. 609 in the event that Defendant elects to testify at trial. Defendant's prior convictions can be summarized as follows: (1) Defendant was convicted of five felony counts of arson in 1984 in the Second Judicial District Court for the State of New Mexico in Cause No. CR 37597; (2) Defendant was convicted of one felony count of aggravated assault (deadly weapon) in 1991 in the Second Judicial District Court for the State of New Mexico in Cause No. CRCR 91-01314; and (3) Defendant was convicted of one felony count of being a felon in possession of a firearm in 2001 in the Thirteenth Judicial District Court for the State of New Mexico in Cause No. D1314 CR 00384.

Defendant's *Motion in Limine* also seeks to exclude evidence regarding a restraining order obtained by his former spouse, and his alleged violation of that restraining order, on the grounds that such evidence is inadmissible under Fed. R. Evid. 403 and 404. Defendant

claims that such evidence would be unfairly prejudicial and would confuse the jury because it bears no relation to the charges at issue in this case.

The Government opposes Defendant's motion. [Doc. No. 41, 42.] According to the Government, at least some information regarding all of Defendant's prior felony convictions (particularly the sheer number of these prior convictions) is relevant and admissible because Defendant's credibility, as well as the credibility of the Government witnesses who are likely to contradict his testimony, is likely to be a central issue at trial. Further, the Government asserts that at least some information regarding the restraining order obtained by Defendant's former spouse is relevant and admissible as *res gestae* evidence to explain to the jury why Defendant's former spouse called police on the date of his arrest, and for purposes of showing his motive, knowledge, plan, and lack of mistake or accident under Fed. R. Evid. 404(b) with respect to the possession of the firearms and ammunition in question.

**II.     ANALYSIS**

Trial courts generally are vested with broad discretion regarding evidentiary rulings on motions in limine. See generally United States v. Wagoner County Real Estate, 278 F.3d 1091, 1099 (10th Cir. 2002). With respect to the admission of evidence under Fed. R. Evid. 404(b) and 609 concerning prior convictions or other acts of the accused in a criminal matter, however, certain limitations apply under both the express language of the rules and the Tenth Circuit's interpretation of those rules. This *Memorandum Opinion and Order* addresses those limitations.

### A.     Admission of Defendant's Prior Convictions Under Fed. R. Evid. 609

Under Fed. R. Evid. 609(a)(1), evidence that an accused has a criminal conviction that is less than ten years old "shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused." Under Fed. R. Evid. 609(b), evidence of a conviction that is more than ten years old (measured from the date of the conviction or the date of release from confinement for that conviction, whichever is later) is not admissible "unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." In either case, the Court's ruling on the admissibility of the prior convictions must be premised on a balancing of the probative value of the evidence against its prejudicial effect under Fed. R. Evid. 403. See United States v. Howell, 285 F.3d 1263, 1270 (10th Cir. 2002).

> The Tenth Circuit has articulated several factors which
>
> are relevant to the determination whether the probative value of a prior conviction outweighs its prejudicial effects. Among them are "the nature of the crime, the time of the conviction, the similarity of the past crime to the charged crime, the importance of the defendant's testimony, and the degree to which the defendant's credibility is central to the case."

United States v. Sides, 944 F.2d 1554, 1560 (10th Cir. 1991) (quoting United States v. Jackson, 627 F.2d 1198, 1209 (D.C.Cir.1980)); see generally 4 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence §§ 609.05[3][a] (2d ed. 2003).

If the Court determines that an accused's prior conviction is admissible under this standard, then "'[o]rdinarily, it is improper for the prosecution to examine into the details

4

of the crime for which the accused was convicted. The cross-examination should be confined to a showing of the essential facts of convictions, the nature of the crimes, and the punishment.'" Howell, 285 F.3d at 1267 (quoting United States v. Albers, 93 F.3d 1469, 1479-80 (10th Cir.1996), and United States v. Wolf, 561 F.2d 1376, 1381 (10th Cir.1977)). Further limits on the admission of details about the prior conviction may be imposed so long as the Court has engaged in the requisite balancing under Fed. R. Evid. 403 "before determining what information about a witness's prior felony conviction, including its nature, should be admitted or excluded." Id.

Applying these standards to the prior convictions at issue here, the Court determines that Defendant's 1984 convictions for arson and his 1991 conviction for aggravated assault are not admissible because they are more than ten years old and do not meet the heightened standard stated in Fed. R. Evid. 609(b) when considered in relation to the charges for which Defendant is on trial in this case. In making this determination, the Court notes that these crimes are more akin to crimes of violence than crimes involving dishonesty or false statement, and they do not bear any particular relation to the offenses with which Defendant is currently charged. Combined with their age, the nature of these crimes limits their impeachment value and contributes to their prejudicial effect. See Jackson, 627 F.2d at 1209; 4 Jack B. Weinstein & Margaret A. Berger, supra, §§ 609.05[3][b], 609.05[3][c]. For these reasons, the Court determines that the probative value of these convictions is not strong enough to substantially outweigh their prejudicial effect to the accused. Accordingly, they do not meet the standard for admissibility under Fed. R. Evid. 609(b).

The Court reaches a different conclusion with respect to Defendant's 2001 conviction for being a felon in possession of a firearm. The age of this conviction does not subject it to the heightened standard for admissibility stated in Fed. R. Evid. 609(b). Further, Defendant's credibility is likely to be a central issue at trial inasmuch as he intends to testify to a version of the facts that would contradict pertinent parts of the prosecution witnesses' testimony. See United States v. Causey, 9 F.3d 1341, 1344 (7th Cir. 1993). While firearms offenses generally are not considered to be crimes involving dishonesty or false statement, the serious nature of Defendant's prior firearms conviction, as well as its bearing on his anticipated testimony regarding his knowledge and state of mind, have significant impeachment value under the particular circumstances of this case. See Causey, 9 F.3d at 1344 (admitting prior conviction for unlawful possession of firearm); 4 Jack B. Weinstein & Margaret A. Berger, supra, §§ 609.05[1], 609.05[3][b] (explaining the rationale for admission of recent felony convictions under Fed. R. Evid. 609). These factors all weigh in favor of the admission of Defendant's prior firearms conviction.

The Court acknowledges that, as a general matter, the similarity between the crime for which a defendant was previously convicted and the crime for which he is presently charged is a factor that weighs against the admission of such a prior conviction under Fed. R. Evid. 609. See United States v. Wallace, 848 F.2d 1464, 1473 (9th Cir. 1988); 4 Jack B. Weinstein & Margaret A. Berger, supra, § 609.05[3][d]. Evidence of such similar crimes may be admitted under this rule, however, when their probative value outweighs their prejudicial effect. See Causey, 9 F.3d at 1344.

In this case, the Court determines that, for purposes of impeachment under Fed. R. Evid. 609, the probative value of Defendant's prior firearms conviction in 2001 outweighs its prejudicial effect because Defendant's credibility will be a central issue for the jury if he testifies, and because this prior conviction is less than three years old and has some bearing on his anticipated testimony regarding his knowledge and state of mind in relation to the charged offenses.  Further, as in the case of evidence admitted under Fed. R. Evid. 404(b), the prejudicial effect of Defendant's prior firearms conviction can be mitigated by offering a limiting instruction and restricting the details about this conviction which can be presented to the jury.  See United States v. Zamora, 222 F.3d 756, 762 (10th Cir. 2000) (discussing criteria for admissibility under Fed. R. Evid. 404(b)); Howell, 285 F.3d at 1267 (discussing limits on details of prior conviction admitted under Fed. R. Evid. 609).

For these reasons, the Court determines that Defendant's 2001 conviction for being a felon in possession of a firearm is conditionally admissible for the limited purpose of impeaching Defendant's credibility under Fed. R. Evid. 609 in the event that he testifies at trial.  In order to mitigate the potential for unfair prejudice noted above, the Court will limit the Government's inquiry to certain essential facts about this conviction, namely the date, the general nature of the crime (*i.e.*, a firearms offense), and the punishment.  See Howell, 285 F.3d at 1267.  The Court will not allow the Government to use the 2001 firearms conviction as a springboard to inquire about any other prior felonies that might have served as the basis for that conviction.  Further, the Court will provide the jury with a limiting instruction with input from counsel, and the Government is precluded from introducing

Defendant's 2001 firearms conviction during its case-in-chief in light of the parties' stipulation [Doc. No. 30]. See Old Chief, 519 U.S. at 174. The Court's ruling also is subject to reconsideration if unforeseen circumstances or a change in context should arise during the trial.

### B.  Admission of Defendant's Prior Bad Acts Under Fed. R. Evid. 404(b)

"Evidence of other crimes should not be suppressed when those facts come in as res gestae--'as part and parcel of the proof of the offense [ ] charged in the indictment.'" United States v. Kimball, 73 F.3d 269, 272 (10th Cir. 1995) (quoting United States v. Gano, 560 F.2d 990, 993- 93 (10th Cir.1977)). It is not always possible, however, to establish a "bright line" that separates such *res gestae* evidence from evidence admissible for other purposes specified in Fed. R. Evid. 404(b). Kimball, 73 F.3d at 272 (citing United States v. Cook, 745 F.2d 1311, 1318 (10th Cir.1984)).

Under Fed. R. Evid. 404(b), "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Such evidence may be admitted, however, to establish motive, intent, knowledge, preparation, plan, identity, and absence of mistake or accident. See id.; Zamora, 222 F.3d at 762; United States v. Johnson, 42 F.3d 1312, 1315 (10th Cir. 1994).

To determine whether evidence is admissible for one of the purposes stated above, the Court applies the four-part test articulated by the Supreme Court in Huddleston v. United States, 485 U.S. 681, 691-92 (1988). This test requires that:

> (1) the evidence must be offered for a proper purpose;  (2) the evidence must be relevant;  (3) the trial court must make a Rule 403 determination of whether

8

>   the probative value of the similar acts is substantially outweighed by its potential for unfair prejudice; and (4) pursuant to Fed. R. Evid. 105, the trial court shall, upon request, instruct the jury that evidence of similar acts is to be considered only for the proper purpose for which it was admitted.

Zamora, 222 F.3d at 762 (quoting United States v. Roberts, 185 F.3d 1125, 1141 (10th Cir.1999)).

In this case, the Government asserts that testimony concerning Defendant's alleged threatening behavior toward his former spouse or family members immediately preceding his arrest on the pending firearms charges is relevant and admissible under Fed. R. Evid. 404(b) for the purpose of showing Defendant's motive, knowledge, plan, and absence of mistake or accident with respect to the firearms and ammunition allegedly found in his possession. According to the Government, some mention of the restraining order obtained by Defendant's former spouse is admissible as *res gestae* evidence because it is "part and parcel" of the proof that Defendant engaged in such threatening behavior toward her.

The Court determines that a limited degree of testimony regarding Defendant's alleged threatening behavior toward family members prior to his arrest is conditionally admissible under Fed. R. Evid. 404(b) for the purpose of showing Defendant's motive, knowledge, plan, and lack of mistake or accident with respect to the firearms and ammunition allegedly found in his possession. Such testimony is relevant to the offenses with which Defendant is charged, and is offered for a proper purpose, because it serves to explain why Defendant had one or more firearms and ammunition in his possession at the time of his arrest, and because it may serve to quell doubts about whether he was aware of the firearms and ammunition, whether they belonged to someone else, and whether his

9

possession of them was accidental.

In reaching this conclusion, the Court does not mean to suggest that the Government may conduct a "mini-trial" detailing every term or condition of the restraining order that Defendant allegedly violated during the course of a prolonged history of marital discord. Unless it is properly limited in scope, such evidence could shift the focus of attention of the jury to other matters not legally relevant to the question of Defendant's guilt as to the pending charges.

It is the fact of Defendant's alleged threatening behavior toward his former spouse during the relevant time period, and not the legal effect of such behavior with regard to the terms and conditions of the restraining order, that is relevant to the charges at issue here. Thus, the Government may refer to the restraining order to place the events in context and for the limited purpose of explaining the basis for the contacts between Defendant's former spouse and the sheriff's deputies in the time period immediately preceding Defendant's arrest. Depending on the context in which it is made, such a limited reference to the restraining order may be warranted in order to avoid confusing the jury as to the nature or purpose of such contacts between the sheriff's deputies and Defendant's family members.

Subject to the limitations described below, the Court determines that the probative value of the anticipated evidence regarding Defendant's alleged threatening behavior toward his former spouse during the time period immediately preceding his arrest is not substantially outweighed by the danger of unfair prejudice or other considerations listed in Fed. R. Evid. 403. In addition, the Court will provide a limiting instruction on this issue, with input from

counsel, in order to mitigate the potential for unfair prejudice or juror confusion occasioned by the admission of such evidence. The Court's ruling also is subject to reconsideration if unforeseen circumstances or a change in context should arise during the trial.

### III.     CONCLUSION

For the foregoing reasons, Defendant's *Motion in Limine* [Doc. No. 32] is granted in part with respect to his prior convictions dating from 1984 and 1991, and denied in part with respect to his prior conviction dating from 2001. Defendant's *Motion in Limine* also is granted in part and denied in part with respect to the restraining order insofar as it relates to his alleged threatening behavior toward his former spouse. Such evidence may be admissible, but only under the conditions and limitations stated above.

**IT IS, THEREFORE, ORDERED** that Defendant's *Motion in Limine to Prohibit Introduction of Defendant's Priors under 609, and to Prohibit Introduction of Government's Proposed 404(b) Evidence as to Defendant* [Doc. No. 32] is **GRANTED IN PART** and **DENIED IN PART** under the conditions specified above.

**IT IS FURTHER ORDERED** that Defendant's *Motion for Rule 403 Balancing Test* dated February 9, 2004, is **GRANTED IN PART** and **DENIED IN PART** under the conditions specified above.

**SO ORDERED** this 9th day of February, 2004, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
UNITED STATES DISTRICT JUDGE